UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE HUNTER,<br><br>        Petitioner,<br><br>     v.<br><br>ALEX VILLANUEVA, Sheriff,<br><br>        Respondent. | Case No. 2:22-cv-03324-JAK (SP)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge.  Further, the Court has engaged in a de novo review of those portions of the Report to which petitioner has objected.  The Court accepts the findings and recommendation of the Magistrate Judge.

      For clarity, the Court notes that, even recognizing the Petition as having been brought pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254, Petitioner still was required to exhaust judicial remedies unless she established a basis for the Court to waive the requirement, which she has not.  See Acevedo-Carranza v. Ashcroft, 371 F.3d 539, 541 (9th Cir. 2004).  Accordingly, the Petition must be dismissed for Petitioner's failure to exhaust.

In addition, Petitioner's third ground for relief in the Petition, alleging that she was subjected to excessive bail, likely is not barred by Younger v. Harris, 401 U.S. 37 (1971). See Arevalo v. Hennessy, 882 F.3d 763, 766 (9th Cir. 2018) (finding claim regarding entitlement to a constitutional bail hearing is not barred under Younger abstention).  Yet, not only is the claim subject to dismissal for Petitioner's failure to exhaust, cf. id. at 765 (in case finding claim regarding bail hearing is not subject to Younger abstention, petitioner still exhausted state court remedies before filing § 2241 petition in federal court), but the claim is moot because Petitioner no longer is in custody.  Cf. Murphy v. Hunt, 455 U.S. 478, 481 (1982) (claim regarding pretrial bail was mooted by petitioner's conviction because "even a favorable decision on [on the claim] would not have entitled [the petitioner] to bail").

Moreover, in her Objections to the Report and Recommendation, Petitioner seeks leave to amend her petition to name a different respondent.  ECF No. 13 at 3, 6.  The Court will not give Petitioner leave to amend because it would be futile.  Even if Petitioner were permitted to name a different respondent, this action would remain subject to dismissal for the reasons stated here and in the Report and Recommendation. See Murray v. Schriro, 745 F.3d 984, 1015 (9th Cir. 2014) ("A determination of futility contemplates whether . . . the amendment could present a viable claim on the merits for which relief could be granted.").

Finally, to the extent Petitioner tries to raise new claims and arguments in her Objections to the Report and Recommendation, the Court declines to exercise its discretion to address these new arguments substantively.  See United States v. Howell, 231 F.3d 615, 631-22 (9th Cir. 2000) (district judge did not abuse discretion in refusing to consider factual allegations not presented to the magistrate judge); see also Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002) (a district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation).  However, the Court has nevertheless reviewed each of

Petitioner's proposed claims and arguments and finds they do not warrant a different outcome.

    IT IS THEREFORE ORDERED that Judgment will be entered denying the Petition and dismissing this action without prejudice.

Dated: May 31, 2023

                      JUDGE JOHN A. KRONSTADT
                      UNITED STATES DISTRICT JUDGE